IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| MICHAEL JAMISON, GREGORY DEAN TINNELL, EARNEST HUNTER, and DOROTHY WILLIMAS, | § § § § | |
| | § | |
| Qui Tam Relators, | § | |
| | § | |
| v. | § | Civil Action No. 3:13-CV-4616-L |
| | § | |
| | § | |
| CAREER OPPORTUNITIES, INC. and DEL-JEN, INC., | § § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Career Opportunities, Inc.'s Rule 12(b)(6) and 9(b) Motion to Dismiss (Doc. 32), filed November 16, 2015; and Del-Jen's Motion to Dismiss First Amended False Claims Act Complaint (Doc. 33), filed November 23, 2015.  After careful consideration of the motions, pleadings, record, and applicable law, the court **grants** Del-Jen's Motion to Dismiss First Amended False Claims Act Complaint, and **denies as moot** Career Opportunities, Inc.'s Rule 12(b)(6) and 9(b) Motion to Dismiss.[1]  The court will, however, allow Qui Tam Relators an opportunity to amend their pleadings against Defendant Del-Jen, Inc.

---

[1] Earlier today, the court granted Defendant Career Opportunities, Inc. 12(b)(5) Motion to Dismiss (Doc. 24), and Defendant Career Opportunities, Inc. ("COI") was dismissed from the case.  The court includes COI in this Memorandum Opinion and Order to put Qui Tam Relators on notice of the deficiencies in their pleadings that must be corrected if they choose to refile suit against COI.

**Memorandum Opinion and Order - Page 1**

## I.      Factual and Procedural Background

Qui Tam Relators Michael Jamison, Gregory Dean Tinnell, and Earnest Hunter filed a False Claims Act Complaint (Doc. 2) under seal on November 19, 2013, on behalf of the United States against Career Opportunities, Inc. ("COI") and Del-Jen, Inc. ("Del-Jen") (collectively, "Defendants").  On August 7, 2014, Relators filed a First Amended False Claims Act Complaint ("Complaint") to add Dorothy Williams as a Relator[2] (Doc. 10).  The United States filed a Notice of Election to Decline Intervention on November 20, 2014, and on that date the court ordered the complaint be unsealed for the purpose of serving Defendants (Docs. 16-17).  On September 29, 2015, COI filed a Rule 12(b)(5) Motion to Dismiss (Doc. 24), the court has granted the motion, and COI has been dismissed from the action. Before COI was dismissed, it also filed a Motion to Dismiss under Rule 12(b)(6) and 9(b) on November 16, 2015 (Doc. 32).  A week later, Defendant Del-Jen filed its Motion to Dismiss First Amended False Claims Act Complaint (Doc. 33).  On August 26, 2016, COI filed a motion to Stay Discovery Pending Ruling on Rule 12(b) Motions (Doc. 39).

Relators' Complaint alleges the following: Defendants operate the North Texas Job Corps Center ("NTJCC"), which is a part of Jobs Corps, a national residential training and employment program administered by the Department of Labor to help disadvantaged youth. Compl. ¶¶ 14-15. Defendants entered into a performance based contract with Job Corps for the operation of the NTJCC. *Id*. ¶ 16.  These types of contracts tie the operators' performance directly to its bonuses, incentive fees, and option years. *Id*.  Relators allege that Defendants submitted or caused to be

---

[2] Qui Tam Relators Michael Jamison, Gregory Dean Tinnell, Earnest Hunter and Dorothy Williams hereinafter will collectively be referred to as "Relators."

submitted to the United States Government fraudulent information to inflate its performance and receive more funding from the Government. *Id*. ¶ 28.

Relators assert that Defendants engaged in conduct during all four phases of the Job Corps program that knowingly violated the Department of Labor regulations and requirements set forth in the Job Corps Policy and Requirements Handbook ("Handbook"). *Id*. During the first phase, Relators contend that Defendants' outreach and admission representatives ("OAs") enrolled students that were ineligible under the Handbook's guidelines to increase its enrollment numbers. *Id*. According to Relators, OAs placed background checks from venues where the student had not been charged to give the student a "clean" criminal background and also violated the Handbook's guidelines by enrolling students despite their mental illnesses, and/or chemical dependencies. *Id*.

In the second phase, Relators assert that Defendants engaged in fraudulent conduct during the career preparation period by violating the Handbook's zero tolerance policy towards drugs and violence. *Id*. ¶¶ 31, 32. Defendants' representatives would allegedly allow students to increase their chances of passing the Handbook's required drug test by allowing the student to take a pre-test before their drug test. *Id*. ¶ 31. Defendants also allegedly violated the Handbook's disciplinary regulations by allowing students to remain in the program after committing prohibited disciplinary infractions such as fighting, smoking marijuana, and engaging in inappropriate sexual behavior. *Id*. ¶¶ 35, 37. Relators contend that Lana Kite, Defendants' Center Director, entered into a cooperative agreements with local law enforcement. *Id*. ¶ 38. Defendants allegedly did not abide by the agreement when their representatives failed to report the illegal drugs that were confiscated from students. *Id*. ¶¶ 38, 40. Relators also state that Defendants violated the Handbook's zero

tolerance policy towards drugs when Maria Martin, Defendants' Deputy Center Director, advised NTJCC staff in June 2011 that amnesty must be offered to students who surrender their contraband. *Id*. ¶ 43.

During the third phase, known as the career development period, Relators contend that Defendants knowingly falsified student records to ensure their performance would meet the requirements for a high school diploma, which allowed Defendants to inflate their performance evaluations. *Id*. ¶ 50. Further, in the last phase, the career transition period, Relators state that "Defendants submit[ted] inflated and fraudulent job placement reports from former enrollees and graduates." *Id*. ¶ 51. Relators assert that this was done to further Defendants' "overall scheme to enhance their performance evaluation and thereby increase incentive fees paid by the Department of Labor." *Id*.

Relators set forth five categories of claims against Defendants for their allegedly fraudulent conduct. Four of the claims are for allegedly violating the False Claims Act ("FCA"): (1) false claims under 31 U.S.C. § 3729(a)(1)(A); (2) false statements under 31 U.S.C. § 3729(a)(1)(B); (3) conspiracy under 31 U.S.C. § 3729(a)(3); and (4) false claims in violation of 31 U.S.C. § 3729(a)(1)(G). Relators also assert Texas common law claims for fraud and fraudulent inducement. Compl. ¶¶ 66-69. The court, for clarity, will first address the federal claims and then the state law claims.

## II.    Legal Standards

### A.    Standard for Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v.*

*Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).  A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).  While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly,* 550 U.S. at 555 (citation omitted).  The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.*  (quotation marks, citations, and footnote omitted).  When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief.  *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff.  *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  In ruling on such a motion, the court cannot look beyond the pleadings.  *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).  The pleadings include the complaint and any documents attached to it.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).  Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'"  *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429,

431 (7th Cir. 1993)).  In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion.  *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff.  *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002).  While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted).  Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions.  *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim.  *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).  Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted.  *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc).

### B.      Standard for Rule 9(b) - Heightened Standard for Pleading Fraud

A claim filed under the FCA must satisfy the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure.  *U.S. ex rel. Nunnally v. West Calcasieu Cameron Hosp.*, 519 F. App'x 890, 892 (5th Cir. 2013) (footnote and citations omitted).  "In alleging fraud or

mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). A court must implement Rule 9(b) as a screening mechanism to prevent meritless fraud claims "with 'bite' and 'without apology.'" *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185-86 (5th Cir. 2009) (quoting *Williams v. WMX Techs.*, 112 F.3d 175, 177 (5th Cir. 1997)). The court, however, cannot use Rule 9(b) to require fact pleading; instead, the court must ensure "Rule 9(b) supplements but does not supplant Rule 8(a)'s notice pleading." *Id*. at 185. Stated another way, Rule 9(b) "requires only simple, concise, and direct allegations of the circumstances constituting fraud, which after *Twombly* must make relief plausible, not merely conceivable, when taken as true.'" *Id*. at 186.

The Fifth Circuit traditionally required a fraud complaint to include "the time, place, and contents of the false representation [ ] as well as the identity of the person making the misrepresentation and what that person obtained thereby," and these requirements mirrored the common law fraud elements. *United States ex rel. Russell v. Epic Healthcare Mgmt. Grp.*, 193 F.3d 304, 308 (5th Cir.1999). In the context of the FCA, however, the Fifth Circuit has explained that "Rule 9(b)'s ultimate meaning is context-specific" and depends on the elements of the claim. *Nunnally*, 519 F. App'x at 891-92 (quoting *Grubbs*, 565 F.3d at 189-90.) "Depending on the claim, a plaintiff may sufficiently 'state with particularity the circumstances constituting fraud or mistake' without including all the details of any single court-articulated standard." *Grubbs*, 565 F.3d at 188.

## III.    Analysis

The FCA permits "suits by private parties on behalf of the United States against anyone submitting a false claim to the government," if certain circumstances are met. *United States ex rel. Steury v. Cardinal Health, Inc.,* 625 F.3d 262, 267 (5th Cir. 2010) (internal quotation marks and

citation omitted). The FCA imposes civil penalties and treble damages on any person who, *inter alia,* "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim." *Id.* (quoting 31 U.S.C. § 3729(a)(1)(B) (2009)). The terms "knowing" and "knowingly" mean that a person "(i) has actual knowledge of the information; (ii) acts in deliberate ignorance of the truth or falsity of the information; or (iii) acts in reckless disregard of the truth or falsity of the information." *Id.* (quoting § 3729(b)(1)(A)(i),(ii),(iii)). The term "material" is defined as "having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property." *Id.* (quoting § 3729(b)(4)). The term "claim" is defined as "any request or demand, whether under a contract or otherwise, for money or property . . . that . . . is presented to an officer, employee, or agent of the United States . . ." *Id.* (quoting § 3729(b)(2)). Thus, to state a claim under the FCA, a plaintiff must allege facts to establish, or facts from which the court can reasonably infer: "(1) a false statement or fraudulent course of conduct; (2) made or carried out with the requisite scienter; (3) that was material; and (4) that is presented to the Government." *Steury,* 625 F.3d at 267 (citing *United States ex rel. Longhi v. United States,* 575 F.3d 458, 467 (5th Cir. 2009)).

In any event, under the FCA "a relator's complaint, if it cannot allege the details of an actually submitted false claim, may nevertheless survive by alleging particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted." *Grubbs*, 565 F.3d at 190. Further, "the recording of a false record, when it is made with the requisite intent, is enough to satisfy the statute; we need not make the step of inferring that the record actually caused a claim to be presented to the Government." *Grubbs*, 565 F.3d at 193.

**Memorandum Opinion and Order - Page 8**

### A.       Substantive Violations of the FCA, 31 U.S.C. § 3729(a)

Defendants contend that the court should grant their motion to dismiss Relators' FCA claims because Relators' pleadings lack the requisite specificity required by Rule 9(b).  Former Defendant COI contends that Relators fail to identify any specific person who engaged in the allegedly fraudulent conduct; what constitutes the allegedly fraudulent conduct; or when the allegedly fraudulent conduct occurred.  The arguments set out in Defendant Del-Jen's motion to dismiss parallel those set out in COI's motion to dismiss.  Del-Jen contends that Relators' allegations are "universally general" and fail to specify who committed the allegedly fraudulent conduct, the specific actions that constitutes the allegedly fraudulent conduct; or when the allegedly fraudulent conduct occurred.  Essentially, Defendants assert that Relators lack the "who, what, when, where, and how" details that Defendants contend are required to satisfy Rule 9(b).

In response to COI and Del-Jen's motions to dismiss, Relators contend that they have provided sufficient details of Defendants' fraudulent scheme to satisfy Rule 9(b)'s requirements to state a claim under the FCA.  They assert that the Complaint does allege the "who, what, when, where, and how" of Defendants' fraudulent scheme with sufficient particularity to put Relators on notice of the claim.  Relators contend that the Career Development Services System ("CDSS") consists of four phases—Outreach and Admission ("OA"), Career Preparation Period ("CPP"), Career Development Period ("CDP"), and Career Transition Period ("CTP")—and that the Complaint sets forth the particularized facts of the fraudulent scheme at each phase.

In their response to Defendants' motions to dismiss, Relators correctly state that Defendants fail to recognize the significant differences between the traditional requirements for a Rule 9(b) pleading under the FCA and the Fifth Circuit's interpretation post-*Grubbs*.  Fifth Circuit authority clearly provides that the traditional requirement of "who, what, when, where, and how"

**Memorandum Opinion and Order - Page 9**

is not a "straitjacket" for Rule 9(b), and that the court must tailor its analysis to the elements of the

claim. *Grubbs*, 565 F.3d at 190  In any event, Relators' Complaint does not satisfy Rule 9(b) on

its § 3729(a) claims, as the Complaint fails to set out the particular workings of a scheme, and it

does not have a reliable indicia that leads to a strong inference that fraudulent claims were actually

submitted.

### 1.   Claim One - False Claims in violation of 31 U.S.C. § 3729(a)(1)(A)

Both COI and Del-Jen state in their respective motions to dismiss that Relators fail to

identify any specific person who engaged in the allegedly fraudulent conduct.  According to both

Defendants, Relators lump the actors together in nondescript groups, such as "Defendants,"

"supervisory personnel," "staff members," or "staff at the highest levels."  They assert that Relators

fail to specifically name the individual that actually submitted false claims to the Government.

Del-Jen further contends that Relators fail to identify any submission of a false claim or false

certification, which is required under § 3729(a)(1)(A).  Del-Jen contends that instead of pleading

a particular false claim that was submitted to the Government, Relators allege conclusory

allegations that Defendants violated the Handbook.

Relators counter that the Complaint refers to a specific scheme for both Defendants.

Relators maintain that COI's knowing submission of false data regarding academic performance

and job placement by COI employees to Job Corps is the specific scheme that violated §

3729(a)(1)(A) of the FCA.  Further, they contend that Del-Jen's knowingly making or causing to

be made a false record material to a false or fraudulent claim is the other major component of the

fraudulent scheme.

The court notes that Relators' Complaint often blurs the distinction as to which Defendant

is allegedly committing the fraudulent action.  The court also determines that Relators' alleged

facts, taken as true, do not include enough details to plead with particularity a scheme by either Defendant, as the Complaint is devoid of a single date that allegedly fraudulent activity occurred, and it does not state that a specific employee *knowingly* participated in the fraudulent activity. Relators' response attempts to compare the Complaint to that in *Grubbs*.  In *Grubbs*, the *qui tam* relators' complaint satisfied Rule 9(b) on its § 3729(a)(1) claim against the individual doctors that invited Dr. Grubbs to enter into a fraudulent billing scheme.  *Grubbs*, 565 F.3d at 191.  Dr. Grubbs's complaint described "in detail, including the date, place, and participants" in the dinner meeting where two doctors "attempted to bring him into the fold of their on-going fraudulent plot." *Id*. at 192.  The Fifth Circuit found that Dr. Grubbs's first-hand experience at the dinner combined with the "complaint's list of dates that specified, unprovided were recorded" were enough to satisfy the pleading requirements of Rule 9(b). *Id*.  Relators' Complaint, however, is distinguishable from Dr. Grubbs's complaint because, in addition to not pleading particular facts, Relators also make conclusory claims that Defendants allegedly fraudulent actions were motivated by its potential to receive more funds from the Government. Unlike Dr. Grubbs who pled details of the doctors inviting him to commit fraud, Relators do not plead allegations that would lead to the logical conclusion that Defendants were knowingly engaged in fraudulent activity.

### 2.   Claim Two - False Statements in violation of 31 U.S.C. § 3729(a)(1)(B)

COI also contends that the Complaint does not identify the dates or contents of specific documents or reports actually submitted to the Government.  COI further contends that Relator did not allege facts supporting precisely how it submits its reports to the Government; how the Government reviews its claims; or that it received an overpayment by the Government.  COI further asserts that the Complaint fails to allege any specific student whose advancement or placement records were falsified, nor does it specify the name of any person who allegedly falsified

**Memorandum Opinion and Order - Page 11**

the records.  COI asserts that the Complaint only states theories of allegedly fraudulent conduct but fails to allege facts to support the theories set forth.

Similar to COI's motion to dismiss, Del-Jen also asserts that the Complaint has not pled specific allegations regarding the time, place, or contents of a specific false representation, so it cannot satisfy 31 U.S.C. § 3729(a)(1)(B).  Del-Jen asserts that identifying the specific records or statements is necessary because the false claim is the "linchpin of an FCA claim," and, therefore, Relators must plead the details of that claim.

In their Complaint, Relators assert that Job Corp OAs "often" circumvented protocols to "frequently" enroll ineligible students.  The Job Corp OAs would frequently use criminal background checks from other jurisdictions or fail to document files of enrollees with serious mental illnesses and/or chemical dependencies.  The Complaint does not identify the employees that would enroll the ineligible students; nor does it state dates when students were falsely enrolled. The Complaint also uses vague and conclusory language that does not state the actions of the fraudulent scheme with the specificity required under Rule 9(b).

### 3.  Claim Five - False Claims in violation of 31 U.S.C. § 3729(a)(1)(G)

Del-Jen asserts that Relators did not properly plead this claim because they did not allege with the requisite particularity that Del-Jen had an obligation to pay the Government.  Instead, Del-Jen claim that Relators only allege that Defendants should return the money allegedly obtained fraudulently.

Additionally, COI contends that the Complaint fails to set forth when any allegedly fraudulent conduct took place.  COI contends that the Complaint relies on the conclusory terms of "often," "frequently," "regularly," "systematically," or "routinely;" however, the Complaint does

not place or set forth the alleged conduct at a specific point in time.  According to COI, Relators claims are subject to dismissal because they fail to allege even a single specific date.

Under the FCA, Relators must set forth allegations to demonstrate that a defendant "knowingly makes, uses, or causes to be made or used, a false record or statement material to an *obligation* to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an *obligation* to pay or transmit money or property to the Government . . ." 31 U.S.C. § 3729(a)(1)(G) (emphasis added).  Relators contend in their Complaint that Defendants' fraudulent conduct has damaged the United States "in the amount of Department of Labor Job Corps funding which should have been paid back to the Department of Labor if Defendants had rejected student applicants who were not qualified under the Job Corps program . . . ." Compl. ¶ 78.  Aside from this statement, Relators do not allege specific facts that demonstrate that either Defendant had an *obligation* to pay the United States Government, which is an essential element of their claim.

### 4.   Claim Four – Conspiracy Violation of the FCA, 31 U.S.C. § 3729(a)(3)

COI further contends that Relators fail to state a claim for conspiracy under the FCA because the Complaint includes only conclusory allegations and recitation of the elements with no factual basis. COI also contends that because the Complaint repeatedly refer to COI and Del-Jen as "Defendants," there is not a factual basis to determine any details of the agreement, the roles of either Defendant in the agreement, or either Defendants' specific intent to defraud.  "[A] plaintiff alleging a conspiracy to commit fraud must plead with particularity the conspiracy as well as the overt acts taken in furtherance of the conspiracy." *Grubbs*, 565 F.3d at 193 (internal quotation marks, citation, and ellipses omitted). To adequately allege a conspiracy, a plaintiff ultimately must be able to show: "(1) the existence of an unlawful agreement between defendants to get a

**Memorandum Opinion and Order - Page 13**

false or fraudulent claim allowed or paid by [the Government] and (2) at least one act performed in furtherance of that agreement." *United States ex rel. Farmer v. City of Houston*, 523 F.3d 333, 343 (5th Cir. 2008). "As part of that showing, [a plaintiff] must demonstrate that [the] defendants shared a specific intent to defraud the [G]overnment." *Id.* (citation omitted)

Further, Del-Jen argues that since the Relators failed to successfully allege an FCA violation, they cannot plead conspiracy to commit an FCA violation.  Therefore, according to Del-Jen, the Relators' 31 U.S.C. § 3729(a)(1)(C) claim for conspiracy should be dismissed.  General civil conspiracy principles apply to conspiracy claims under the FCA. *United States ex rel. Coppock v. Northrop Grumman Corp.*, 2003 WL 21730668, at *14 n.17 (N.D.Tex. July 22, 2003) (citing *United States v. Murphy*, 937 F.2d 1032, 1039 (6th Cir. 1991)).  A claim for civil conspiracy is generally not viable without the commission of an underlying wrongful act [.]" (alteration in original). *Coppock*, 2003 WL 21730668, at *14 n.17 (citing *Halberstam v. Welch*, 705 F.2d 472, 479 (D.C.Cir. 1983)); see also *Petrello v. Prucka*, 484 F. App'x 939 (5th Cir. 2012).  In *Petrello*, the plaintiff (buyer) alleged that the sellers had conspired and engaged in handicap discrimination against his family in violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3604(f)(1) and 42 U.S.C. § 1985(3). *Petrello*, 484 F. App'x at 941.  As there was no actionable FHA claim against the defendants, the court held that the plaintiff's civil conspiracy claim failed. *Id.* at 942-43. Accordingly, because there is no actionable FCA claim against Defendants, Relators' civil conspiracy claim fails.

Relators allege that "Defendants entered into a conspiracy to defraud the United States by getting false and fraudulent claims allowed or paid." "To establish a civil conspiracy, a plaintiff must be able to show, *inter alia*, a meeting of the minds of two or more persons on the object or course of action." *Elliott v. Tilton*, 89 F.3d 260, 265 (5th Cir. 1996).  The Complaint identifies

**Memorandum Opinion and Order - Page 14**

both COI and Del-Jen together as "Defendants" but the Complaint does not discuss their separate roles to work in concert to defraud the Government.  Relators have not set forth facts alleging an agreement to conspire.  Relators' factual allegations of a conspiracy are speculative and conclusory.  While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).  As Relators have not alleged anything more than conclusions and a recitation of the elements of a conspiracy claim, the court will dismiss Claim Four of Relators' Complaint.

### 5.   Claim 3 – Common Law Fraud and Fraudulent Inducement Claims

COI and Del-Jen argue that Relators lack standing to assert their common law fraud and fraudulent inducement claims because they only allege injury to the United States.  Both Defendants rely on a district court case from the Southern District of Texas to support their contention that Relators do not have standing to assert common law claims for injuries sustained by the United States.

Relators have not responded to either Defendant's motion to dismiss the conspiracy claim, and the court treats this failure as an abandonment of the common law fraud and fraudulent inducement claims. *See Black v. North Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (citation omitted) (holding that a plaintiff's failure to pursue her claim beyond her complaint constituted abandonment of that claim).  Therefore, the court will dismiss with prejudice Claim Three of Relators' Complaint.

### IV.   Conclusion

For the reasons herein stated, the court **grants** Del-Jen's Motion to Dismiss First Amended False Claims Act Complaint; however, the court will allow Relators the opportunity to amend their

**Memorandum Opinion and Order - Page 15**

FCA claims to cure the deficiencies addressed herein by the court.  Relators must file an amended pleading, consistent with the standards set forth in this opinion, by **September 29, 2016**.  As the court determines that Relators' state law claims of fraud and fraudulent inducement have been abandoned, it **dismisses with prejudice** these claims.  Career Opportunities, Inc.'s Rule 12(b)(6) and 9(b) Motion to Dismiss is **denied as moot**. Given the age of this case, the court will not allow any further amendment of the pleadings.

**It is so ordered** this 16th day of September, 2016.


Sam A. Lindsay
United States District Judge