IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| **MICHAEL JAMIESON, GREGORY DEAN TINNELL, EARNEST HUNTER, and DOROTHY WILLIMAS,** | § | |
| | § | |
| Qui Tam Relators, | § | |
| v. | § | Civil Action No. 3:13-CV-4616-L |
| | § | |
| **CAREER OPPORTUNITIES, INC. and DEL-JEN, INC.,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Career Opportunities, Inc.'s Rule 12(b)(5) Motion to Dismiss (Doc. 24), filed September 29, 2015; and Qui Tam Relators' Motion for Leave to Extend Deadline to Serve Defendant Career Opportunities, Inc. (Doc. 28), filed October 19, 2015. After careful consideration of the motions, the parties' briefs, the record, and applicable law, the court **grants** Career Opportunities, Inc.'s Rule 12(b)(5) Motion to Dismiss and **denies** Qui Tam Relators' Motion for Leave to Extend Deadline to Serve Defendant Career Opportunities, Inc.

**I.     Background**

On November 19, 2013, Qui Tam Relators ("Relators") filed a False Claims Act Complaint (Doc. 2) under seal against Career Opportunities, Inc. and Del-Jen, Inc. Nearly nine months later, Relators filed their First Amended False Claims Act Complaint (Doc. 10) on August 7, 2014. The Government declined to intervene in the suit, and on November 20, 2014, the court issued an order

(Doc. 17) to unseal the case. Relators contend that the day the case was unsealed began the 120-day period for service under Federal Rules of Civil Procedure 4(m) but concede that, whether the time for service began when the complaint was filed or when it was unsealed, the time for service expired before Career Opportunities, Inc. ("Defendant" or "COI") was served. On July 20, 2015, Relators filed a Request for Clerk to Issue Summons (Doc. 18), and that same day the clerk's office issued summons. Relators, however, did not effect service on Defendant until October 26, 2015 (Doc. 31), which is one month after Defendant filed its Rule 12(b)(5) Motion to Dismiss.

Relators make several contentions to support their argument that good cause exists for its failure to serve Defendant. First, they contend that the law firm that initially represented Relators filed for bankruptcy on October 29, 2014, and Jay English formed the English Law Group, P.L.L.C. and took over representation of Relators. Second, Relators contend that the English Law Group, P.L.L.C. hired an associate to manage the file for the case on July 6, 2015, and then they made several unsuccessful attempts to serve Defendant. Relators assert that Defendant had an outdated name in the registry for its registered agent and this caused them delay in effecting service. Alternatively, Relators argue that the court should extend time for service to conserve judicial resources because, if the court grants the motion, Relators will refile the action before the statute of limitations expires on November 19, 2016.

In response to Relators' arguments, Defendant asserts that the case was transferred to the English Law Group, P.L.L.C. before the bankruptcy proceedings were initiated, and, therefore, the bankruptcy proceeding had a minimal effect on Relators' ability to serve Defendant. Further, COI contends that the new law firm transferred the case in September 2014, yet hired an associate in July 2015 to manage the case. COI also argues that it publically filed a document that correctly stated the name of its new registered agent on July 27, 2015, but Relators continued to try to serve its old registered agent. Defendant does not respond to Relators' argument regarding judicial

**Memorandum Opinion and Order – Page 2**

economy; nor do they assert that they will be prejudiced by the court extending Relators' time for service.

## II.     Analysis

Federal Rule of Civil Procedure 12(b)(5) allows for a party to move to dismiss an action for "insufficient service of process." Fed. R. Civ. P. 12(b)(5).  A motion under Rule 12(b)(5) is the proper way to challenge the "mode of delivery or the lack of delivery of the summons and complaint." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed. 2004) (footnote omitted).  The vehicle to object to an untimely serve of process is Rule 4(m), which provides for the sanction of dismissal without prejudice if service is not made within a specified time.  Although Defendant moves under Rule 12(b)(5), their request is more appropriately addressed under Rule 4(m), as they complain about the delay and failure to serve them within the time prescribed in Rule 4(m).  Accordingly, the court will address Defendant's motion in the context of Rule 4(m) jurisprudence.

Relators were responsible for serving Defendant with a summons and a copy of the complaint as provided by Rule 4(c) of the Federal Rules of Civil Procedure.  Relators were required to make proper service on Defendant within 120 days[*] of filing the complaint. *See* Fed. R. Civ. P. 4(m).  Relators were also required to file proof of service with the court unless service was waived. *See* Fed. R. Civ. P. 4(l)(1).  Proof consists of "the server's affidavit" if service was not effected by the United States Marshal or a deputy marshal. *Id.*

Prior to 2015, when proper service was not made within 120 days of the filing of a complaint, an action was subject to *sua sponte* dismissal, without prejudice after notice to the plaintiff. Fed. R. Civ. P. 4(m). Dismissal, however, is not proper "if the plaintiff shows good cause

---

[*] The 2015 Amendment to Rule 4(m) reduced the time for serving a defendant from 120 days to 90 days.  This change is inconsequential for purposes of the court's analysis, as Relators did not effect service within either time limit. Instead, the question is whether Relators had good cause for not effecting service.

**Memorandum Opinion and Order – Page 3**

for the failure" to effect service, and a court must extend the time to serve the defendant. *Id.* The plaintiff bears the burden of showing good cause. *Kersh v. Derozier,* 851 F.2d 1509, 1512 (5th Cir.1988). "To establish 'good cause' the plaintiff must demonstrate 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice.'" *Peters v. U.S.,* 9 F.3d 344, 345 (5th Cir. 1993) (citation omitted). A plaintiff also may be required to show that the party to be served personally received actual notice of the lawsuit; the defendant would not suffer any prejudice by the court extending the 120–day deadline; and the plaintiff would be severely prejudiced if his complaint were dismissed. *Hickman v. U .G. Lively,* 897 F. Supp. 955, 959 (S.D.Tex.1995) (citing *Boudette v. Barnette,* 923 F.2d 754, 756 (9th Cir.1991)).

In this case, more than 120 days have passed since Relators filed this action, but they did not comply with Rule 4(m) by timely serving Defendant and filing proof of valid service. Relators present two reasons for their failure to serve Defendant: (1) the firm that initially filed the suit, filed for bankruptcy, and (2) the new firm hired an associate to manage the case who had difficulty contacting the registered agent. The reasons presented by Relators are similar to those set forth by the plaintiff in *Newby v. Enron Corp. Newby v. Enron Corp.,* 284 F. App'x 146, 149-50 (5th Cir. 2008). In *Newby*, the Fifth Circuit found that "[t]he reasons cited by Plaintiffs–Appellants . . . relate[d] to inadvertence, mistake of counsel, and unfamiliarity with rules, all matters that f[e]ll short of the excusable neglect threshold, especially considering the length of delay in effecting service and the continued delay after learning of defects in service." *Id.* at 150.

The court, therefore, finds that neither of Relators' reasons meets the "good cause" standard set forth by the Fifth Circuit. Even after a change in Relators' representation, months elapsed before service was effected. Further, Relators' counsel's failure to hire an associate until July 2015 does not constitute "good cause;" nor does the associate's inability to ascertain the correct

**Memorandum Opinion and Order – Page 4**

registered agent when Defendant updated the record on July 27, 2015. Instead, both of these reasons constitute "simple inadvertence or mistake of counsel" and cannot be considered "good cause."

A court, under its discretionary authority, may extend the time for service, even when good cause does not exists, if it determines that: (1) the applicable statute of limitations would prevent the refiling of the lawsuit, (2) a defendant has evaded service, or (3) a defendant "conceals a defect in attempted service." *Newby*, 284 F. App'x at 149 (citations omitted). The court, however, determines that none of these circumstances is present, and, therefore, it is without authority to grant an extension of time to effect service.

### III. Conclusion

For the reasons stated herein, the court **grants** Defendant's Rule 12(b)(5) Motion to Dismiss (Doc. 24) and **denies** Relators' Motion for Leave to Extend Deadline to Serve Defendant Career Opportunities, Inc. (Doc. 28). Accordingly, the court **dismisses without prejudice** this action against COI.

On August 26, 2016, Defendant COI filed a Motion to Stay Discovery Pending Ruling on Rule 12(b) (Doc. 39). In the motion, COI requested that the court stay discovery until it ruled on the pending motions to dismiss. In light of the court's ruling on the pending motion, COI's motion to stay discovery is **moot** and is, therefore, **denied**.

**It is so ordered** this 16th day of September, 2016.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge