IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| Plaintiff, | § |
| | § |
| MICHAEL JAMISON, GREGORY DEAN TINNELL, EARNEST HUNTER, and DOROTHY WILLIAMS, | § § § § § |
| | § |
| Qui Tam Relators, | § |
| | § |
| v. | §   Civil Action No. 3:13-CV-4616-L |
| | § |
| | § |
| DEL-JEN, INC., | § |
| | § |
| Defendant. | § |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Del-Jen, Inc.'s Motion to Dismiss Relators' Third Amended False Claims Act Complaint (Doc. 51), filed November 18, 2016. After careful consideration of the motion, pleadings, and applicable law, the court **grants** Del-Jen's Motion to Dismiss Relators' Third Amended False Claims Act Complaint, and **dismisses with prejudice** this action.

**I.    Factual and Procedural Background**

Qui Tam Relators Michael Jamison, Gregory Dean Tinnell, and Earnest Hunter filed a False Claims Act ("FCA") Complaint (Doc. 2) under seal on November 19, 2013, on behalf of the United States against Career Opportunities, Inc. ("COI") and Del-Jen, Inc. ("Del-Jen" or "Defendant"). On August 7, 2014, Relators filed a First Amended False Claims Act Complaint to


add Dorothy Williams as a Relator[1] (Doc. 10). The United States filed a Notice of Election to Decline Intervention on November 20, 2014, and on that date the court ordered the complaint be unsealed for the purpose of serving Defendants (Docs. 16-17). On September 29, 2015, COI filed a Rule 12(b)(5) Motion to Dismiss, and on September 16, 2016, the court granted the motion, and COI was dismissed from the case. On November 16, 2015, Defendant Del-Jen filed its Motion to Dismiss First Amended False Claims Act Complaint, and on September 16, 2016, the court granted Del-Jen's motion; however, the court allowed Relators an opportunity to amend their Complaint to cure the deficiencies addressed by the court. Relators filed their Third Amended False Claims Act Complaint[2] ("Complaint") on October 28, 2016. On November 18, 2016, Del-Jen filed a motion to dismiss the Complaint.

The Department of Labor ("DOL") awarded COI a two-year base contract to operate, manage, and run the North Texas Jobs Corps Center ("NTJCC") from October 1, 2010, through September 30, 2012. Relators' Complaint sets forth substantially the same allegations as those set forth in the First Amended False Claims Act Complaint, which were addressed by the court's memorandum opinion and order ("Order") (Doc. 42), issued on September 16, 2016. To the extent that the allegations set out in the Order are the same as those in the Complaint, they are herein incorporated. In addition to allegations previously made, the Complaint also sets forth the following additional allegations as reflected in the following paragraph.

---

[1] Qui Tam Relators Michael Jamison, Gregory Dean Tinnell, Earnest Hunter and Dorothy Williams hereinafter will collectively be referred to as "Relators."

[2] **Relators filed their Second Amended Complaint on October 13, 2016, in which Relators inadvertently included a common law fraud and fraudulent inducement claim. The court had previously determined that Relators' state law claims of fraud and fraudulent inducement were abandoned, and it dismissed with prejudice those claims. The parties and the court, therefore, agreed to allow Relators to correct their mistake by filing a Third Amended Complaint.**

Fluor Corporation is the parent company of its subsidiary Del-Jen. It is unclear from the Complaint, what, if any, relationship Fluor Corporation has with COI. From what the court can ascertain from the Complaint, Fluor Corporation exercised some type of control over COI. Relators contend that Fluor Corporation used COI so that it could be awarded the DOL contract, as COI qualified as a minority company with two women principals. The court notes that the allegations of fraud are conclusory and not adequately supported by the pleadings. After COI was awarded the contract from the DOL on August 31, 2010, it subcontracted with Del-Jen to operate the NTJCC, starting on November 1, 2010. Relators contend that Fluor Corporation used COI as a fraudulent shell front to put its subsidiary, Del-Jen, in a government funded position as a subcontractor. COI and Del-Jen continue to operate the NTJCC.

Relators allege that while operating the NTJCC, Del-Jen committed fraud in violation of four provisions of the False Claims Act ("FCA"): (1) false claims under 31 U.S.C. § 3729(a)(1)(A); (2) false statements under 31 U.S.C. § 3729(a)(1)(B); (3) conspiracy under 31 U.S.C. § 3729(a)(3); and (4) false claims in violation of 31 U.S.C. § 3729(a)(1)(G).

## II. Legal Standards

### A. Standard for Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

**Memorandum Opinion and Order - Page 3**

alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court

in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted). Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

### B.	Standard for Rule 9(b) - Heightened Standard for Pleading Fraud

A claim filed under the FCA must satisfy the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure. *U.S. ex rel. Nunnally v. West Calcasieu Cameron Hosp.*, 519 F. App'x 890, 892 (5th Cir. 2013) (footnote and citations omitted). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). A court must implement Rule 9(b) as a screening mechanism to prevent meritless fraud claims "with 'bite' and 'without apology.'" *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185-86 (5th Cir. 2009) (quoting *Williams v. WMX Techs.*, 112 F.3d 175, 177 (5th Cir. 1997)). The court, however, cannot use Rule 9(b) to require fact pleading; instead, the court must ensure "Rule 9(b) supplements but does not supplant Rule 8(a)'s notice pleading." *Id.* at 185. Stated another way, Rule 9(b) "requires only simple, concise, and direct allegations of the circumstances constituting fraud, which after *Twombly* must make relief plausible, not merely conceivable, when taken as true.'" *Id.* at 186.

The Fifth Circuit traditionally required a fraud complaint to include "the time, place, and contents of the false representation [ ] as well as the identity of the person making the misrepresentation and what that person obtained thereby," and these requirements mirrored the common law fraud elements. *United States ex rel. Russell v. Epic Healthcare Mgmt. Grp.*, 193 F.3d 304, 308 (5th Cir.1999). In the context of the FCA, however, the Fifth Circuit has explained that "Rule 9(b)'s ultimate meaning is context-specific" and depends on the elements of the claim. *Nunnally*, 519 F. App'x at 891-92 (quoting *Grubbs*, 565 F.3d at 189-90.) "Depending on the claim, a plaintiff may sufficiently 'state with particularity the circumstances constituting fraud or mistake' without including all the details of any single court-articulated standard." *Grubbs*, 565 F.3d at 188.

**Memorandum Opinion and Order - Page 6**

**III.    Analysis**

    **A.    Applicable Law**

The FCA permits "suits by private parties on behalf of the United States against anyone submitting a false claim to the government," if certain circumstances are met. *United States ex rel. Steury v. Cardinal Health, Inc.,* 625 F.3d 262, 267 (5th Cir. 2010) (internal quotation marks and citation omitted). The FCA imposes civil penalties and treble damages on any person who, *inter alia,* "knowingly makes, uses, or causes to be made or used, a false record or *statement* material to a false or fraudulent claim." *Id.* (quoting 31 U.S.C. § 3729(a)(1)(B) (2009)). Pursuant to 31 U.S.C. § 3729(a)(1)(A), a person is also liable for violating the FCA if they "knowingly presents, or causes to be presented, a false or fraudulent *claim* for payment or approval."

The terms "knowing" and "knowingly" mean that a person "(i) has actual knowledge of the information; (ii) acts in deliberate ignorance of the truth or falsity of the information; or (iii) acts in reckless disregard of the truth or falsity of the information." *Id.* (quoting § 3729(b)(1)(A)(i),(ii),(iii)). The term "material" is defined as "having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property." *Id.* (quoting § 3729(b)(4)). The term "claim" is defined as "any request or demand, whether under a contract or otherwise, for money or property . . . that . . . is presented to an officer, employee, or agent of the United States . . ." *Id.* (quoting § 3729(b)(2)). Thus, to state a claim under the FCA, a plaintiff must allege facts to establish, or facts from which the court can reasonably infer: "(1) a false statement or fraudulent course of conduct; (2) made or carried out with the requisite scienter; (3) that was material; and (4) that is presented to the Government." *Steury,* 625 F.3d at 267 (citing *United States ex rel. Longhi v. United States,* 575 F.3d 458, 467 (5th Cir. 2009)).

In any event, under the FCA "a relator's complaint, if it cannot allege the details of an

**Memorandum Opinion and Order - Page 7**

actually submitted false claim, may nevertheless survive by alleging particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted." *Grubbs*, 565 F.3d at 190.  Further, "the recording of a false record, when it is made with the requisite intent, is enough to satisfy the statute; we need not make the step of inferring that the record actually caused a claim to be presented to the Government." *Grubbs*, 565 F.3d at 193.

### B.     False Claims in violation of 31 U.S.C. § 3729(a)(1)(A)

Del-Jen contends that the court should grant its motion to dismiss Relators' FCA claims, as Relators fail to plead that a Del-Jen employee knowingly presented, or caused anyone else to present, any false claim to the government.  Further, Defendant contends that Relators do not allege that Del-Jen committed any fraudulent activity.  Defendant also alleges that Relators do not allege sufficient facts to establish that Defendant ought to be responsible for COI's actions.  Moreover, Defendant contends that Relators do not allege specific dates as to when the allegedly fraudulent activity occurred.  Essentially, Defendants assert that Relators Complaint continues to lack the "who, what, when, where, and how" details that are required to satisfy Rule 9(b) pleading under the FCA.

In response, Relators do not address whether they have alleged that a Del-Jen employee knowingly made a false claim.  Instead, Relators raise, for the first time, a theory that COI and Del-Jen are alter egos of each other.  Relators assert that Del-Jen is liable for the actions of COI, as "COI had pro forma authority, while Del-Jen actually ran the show." Relators' Compl. 16.  Further, Relators aver that they have identified employees that knowingly participated in the fraudulent activity.  Relators also assert that they have alleged specific dates of fraudulent documentation in Exhibits 1-12, which are attached to Relators' Complaint and are, therefore, part

**Memorandum Opinion and Order - Page 8**

of the pleadings.

Relators' alter ego theory is not pleaded in their Complaint. The Complaint alleges that Del-Jen is a subcontractor of COI. Relators also allege that COI was a fraudulent shell front that Fluor Corporation used to put its subsidiary, Del-Jen, in a government funded position as a subcontractor. These general and conclusory allegations alone are insufficient for Relators to impute COI's liability to Del-Jen under a theory of the companies being alter egos. "Review of a Rule 12(b)(6) dismissal is, by its very nature, limited to the allegations and theories set forth in the complaint that the district court had before it when granting the motion to dismiss." *Law v. Ocwen Loan Servicing*, *L.L.C.*, 587 F. App'x 790, 793 (5th Cir. 2014) (unpublished); *Powell v. Dallas Morning News LP*, 610 F. Supp. 2d 569, 577 (N.D. Tex. 2009) (holding that a court may not consider statements or allegations in a response filed by the plaintiffs). This means that a court is limited to consideration of the pleadings, and matters or theories raised in a response are not part of the pleadings. Accordingly, the court will not impute the actions of COI onto Del-Jen under an unpled theory of alter ego liability.

"Without an attributed liability theory, no allegations in the complaint allow a reasonable inference that [Del-Jen] had the requisite intent." *Grubbs*, 565 F.3d at 191. In *Grubbs*, the *qui tam* relators' complaint satisfied Rule 9(b) on its § 3729(a)(1) claim against the individual doctors that invited Dr. Grubbs to enter into a fraudulent billing scheme but not the Hospital. The relators' complaint failed to indicate that the Hospital itself acted with the requisite intent. *Id*. "Under all sections of the False Claims Act, the defendant must act with the purpose of getting a false claim paid by the Government." *Id*. Similar to the Hospital in *Grubbs*, here, Relators have not alleged that a Del-Jen employee acted with the requisite intent.

**Memorandum Opinion and Order - Page 9**

The only person that Relators allege to have been a Del-Jen employee is Maria Martin ("Martin"). Relators allege that Martin was initially Del-Jen's Social Development Director, and then she was promoted[3] to COI. The Complaint does not allege *when* Martin was "promoted," and it does not state whether she was an employee of Del-Jen or COI during the time that the alleged fraud occurred. The court determines that Relators' allegations taken as true, do not indicate that a Del-Jen employee knowingly engaged in fraudulent activity or a scheme to defraud the DOL.

C.   **False Statements in violation of 31 U.S.C. § 3729(a)(1)(B)**

Defendant contends that Relators fail to state a claim under 31 U.S.C. § 3729, as they fail to identify a specific false record material to a false claim made by or caused to be made by a Del-Jen employee with the required scienter. Further, Defendant asserts that the only individuals alleged to have any relationship with false documentation were COI employees. Defendant contends that such allegations against COI employees are insufficient to constitute a false statement by Del-Jen. Defendant contends that instead of identifying a specific student that was falsely enrolled and the details of his or her false enrollment, Relators state generally that 65% of the students that NTJCC admitted were not qualified to be enrolled and as a result the Director of Admissions and the Director of Job Placement, who are both COI employees, submitted false and fraudulent documentation to the DOL.

Realtors respond to Defendant's contentions by asserting that they have identified the specific managers that participated in the fraudulent activity and the exhibits they submit show specific dates of fraudulent documentation. Further, Relators contend that the period from 2010

---

[3] The court is unsure how a person can be "promoted" from one company to another; however, the court uses this term because it is the term used in Relators' Complaint.

**Memorandum Opinion and Order - Page 10**

to 2013 reflects an estimated range of time when the fraud occurred based on the low percentage of actual success and compliance. Relators also state that they have alleged facts of a scheme in the context of the admissions process and procedures, the security operations process and procedures, the education process and procedures, and the placement process and procedures.

Defendant replies to Relators' argument by asserting that while some of the exhibits that Relators reference have dates, they are not dates that reflect when the alleged fraud occurred. Specifically, Defendant contends that the exhibits do not have dates of when the alleged fraud was agreed to, discussed, carried out, or submitted to the government; instead, the dates show when students passed test and were placed. Defendant contends that these dates fall short of alleging when the purported fraud occurred.

Relators contend that the exhibits they reference allege that there has been some fraudulent activity. The court determines that the Complaint and the exhibits fail to set forth that a Del-Jen employee prepared and submitted a false record to the DOL. By way of example, the Complaint alleges that Omoniyi Amoran, Martin, and Rahsaan Dawson prepared and then submitted the false reports from Exhibits 5-7. These exhibits allegedly demonstrate that students were receiving diplomas from the New Learning Resources Online even though they had received failing test scores. The Complaint, however, does not allege that Amoran, Martin, or Dawson, were Del-Jen employees at the time the false reports were prepared and submitted. The same is true with respect to Relators' claims of false reporting in other areas, as the Complaint does not allege any conduct by someone who was a Del-Jen employee while the alleged fraud occurred.

**Memorandum Opinion and Order - Page 11**

### D. False Claims in violation of 31 U.S.C. § 3729(a)(1)(G)

Under the FCA, Relators must set forth allegations to demonstrate that a defendant "knowingly makes, uses, or causes to be made or used, a false record or statement material to an *obligation* to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an *obligation* to pay or transmit money or property to the Government . . . ." 31 U.S.C. § 3729(a)(1)(G) (emphasis added).

Defendant contends that Relators do not allege that it had an obligation to pay the government. Defendant further contends that Relators only state in a conclusory manner that Del-Jen should return the money that it allegedly received fraudulently. Relators counter that Del-Jen agreed in its Request for Proposal for NTJCC operation to pay liquidated damages for placements found to be invalid. Relators contend that this provision of the agreement shows that Defendant is obligated to pay the government. Defendant replies that the contract referenced by Relators is between the government and COI, the NTJCC operator. Further, Defendant contends that the liquidated damages clause refers only to the contractor, not the subcontractor. Defendant also contends that Relators fail to plead any false assertions of entitlement to retain government money or property.

Relators' Complaint alleges that COI was awarded a contract from the DOL to operate, manage, and run the NTJCC. After it was awarded the contract, COI subcontracted with Del-Jen to operate the NTJCC. Taking Relators' allegations as true, it follows that COI submitted the Request for Proposal for NTJCC operations to the DOL, not Del-Jen, as Del-Jen had not even been hired at the time of the submission. The court, therefore, determines that Relators have not alleged by way of the liquidated damages provision in COI's contract with the DOL that Del-Jen had an obligation to pay the government.

**Memorandum Opinion and Order - Page 12**

E.     **Conspiracy in Violation of the FCA, 31 U.S.C. § 3729(a)(3)**

General civil conspiracy principles apply to conspiracy claims under the FCA. *United States ex rel. Coppock v. Northrop Grumman Corp.*, 2003 WL 21730668, at *14 n.17 (N.D.Tex. July 22, 2003) (citing *United States v. Murphy*, 937 F.2d 1032, 1039 (6th Cir. 1991)).  A claim for civil conspiracy is generally not viable without the commission of an underlying wrongful act [.]" (alteration in original). *Coppock*, 2003 WL 21730668, at *14 n.17 (citing *Halberstam v. Welch*, 705 F.2d 472, 479 (D.C.Cir. 1983)); see also *Petrello v. Prucka*, 484 F. App'x 939 (5th Cir. 2012). Accordingly, because there is no actionable FCA claim against Defendant, Relators' civil conspiracy claim fails.

F.     **Opportunity to Amend**

Relators do not request to amend their pleadings in the event the court determines that they failed to state a claim upon which relief can be granted.  The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires" is not without limitation.  The decision to allow amendment of a party's pleadings is within the sound discretion of the district court.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

Relators continue to maintain that the allegations of their FCA claims, as currently pleaded, are sufficient under Rule 9(b) requirements. Further, Relators have had four opportunities to plead

**Memorandum Opinion and Order - Page 13**

sufficient allegations to state a claim upon which relief can be granted and have failed to do so. As Relators maintain that their Complaint adequately states claims upon which relief can be granted and do not request leave to amend their pleadings, the court concludes that Relators have stated their best case after "four bites at the apple." As the Fifth Circuit aptly stated, "[a]t some point, a court must decide that [relators have] had fair opportunity to make [their] case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986). The court believes that permitting a fifth pleading attempt would be an inefficient use of the parties' and court's resources; and given the age of this case, would cause unnecessary and undue delay; and would be futile. Accordingly, the court will allow no further amendment of pleadings.

### IV.  Conclusion

For the reasons herein stated, the court **grants** Del-Jen's Motion to Dismiss Third Amended False Claims Act Complaint; and **dismisses with prejudice** this action. The court, pursuant to Federal Rule of Civil Procedure 58, will issue judgment by separate document.

**It is so ordered** this 13th day of March, 2017.

Sam A. Lindsay
United States District Judge